UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-865-XR |
| | § | |
| JACQUELINE PARKER GLOSSON, | § | |
| EDWIN NORMAN GLOSSON, and | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| | § | |
| *Defendants*, | § | |

## ORDER

On this date, the Court considered the status of the above captioned case. After careful consideration, the Court will DISMISS Plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court ENJOINS Plaintiff from filing further lawsuits in this Court without obtaining permission from a district judge in this district.

## BACKGROUND

Since May 2016, *pro se*[1] Plaintiff James W. Myart has filed four lawsuits in this Court. *Myart v. Taylor, et al.*, SA-16-CV-455-DAE (filed May 18, 2016); *Myart v. Taylor, et al.*, SA-16-CV-736-DAE (filed July 20, 2016); *Myart v. Taylor, et al.*, SA-16-CV-819-DAE (filed August 17, 2016); *Myart v. Taylor, et al.*, SA-16-CV-824-DAE (filed August 24, 2016). Many of these complaints raise related and repetitive claims against the same defendants. Myart has indicated that he intends to file more lawsuits. Docket no. 4 at 3 ("[T]he Court is informed that Myart intends to file yet another lawsuit against Taylor et al.").

Aside from his filing of numerous lawsuits, Myart was recently the subject of a security

---

[1] Myart used to be a licensed attorney, but has since resigned in lieu of disciplinary action.

matter before this Court. *In re: Myart*, SA-16-CV-866-OLG. There, Chief Judge Orlando Garcia issued an order requiring Myart to be escorted at any time he was in the courthouse due to security concerns. *Id*. at Docket no. 2. This order was based on numerous incidents of Myart's disruptive behavior in the courthouse, including getting into a verbal altercation with two courtroom security officers, banging on the doors of various judges' chambers in an attempt to be seen, and leaving the public gallery of a courtroom during a criminal proceeding to approach courtroom staff in the well. *Id*. Chief Judge Garcia denied Myart's motion for rehearing on the order and Myart's motion to vacate the order. *Id*. at Docket nos 3, 5–7. Myart has since filed a notice of appeal and several motions for an emergency hearing on the order. Docket nos. 8, 11, 14, 16, 18.

The present action is the fifth that Myart has filed in this Court in four months. Myart filed this complaint along with an application to proceed *in forma pauperis* ("IFP"), without prepaying fees or costs of court in this case, on August 30, 2016. Docket no. 1. His claims are virtually identical to another case that he filed in 2015. *Myart v. Glosson, et al.*, SA-14-CV-831-XR (W.D. Tex. July 16, 2015). The only differences between this case and the 2015 case are (1) that Myart removed several allegations against Defendant Specialized Loan Servicing, LLC ("SLS"), (2) Myart, by hand, re-titled what was originally "Plaintiff's Third Amended Complaint" in his 2015 case to "Plaintiff's Original Complaint and Request for Temporary Restraining Order and Permanent Injunction," and (3) Myart added a handwritten paragraph to his request for a temporary restraining order. *Compare* Docket no. 1-1 at 1, 8, 12 *with Myart v. Glosson*, *et al.*, SA-14-CV-831-XR (W.D. Tex. July 16, 2015) (Docket no. 19). Myart's claims in the 2015 case against the individual defendants, Jacqueline Parker Glosson and Edwin Norman Glosson, were dismissed without prejudice due to Myart's failure to prosecute those

claims. *Id*. at Docket no. 48. His claims against Defendant SLS were dismissed with prejudice. Docket no. 55.

On September 2, Magistrate Judge Henry Bemporad issued a show cause order pursuant to 28 U.S.C. § 636(b). Docket no. 3. The order required Myart to show cause as to (1) why his IFP Application should not be denied and his claims should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and (2) why he should not be enjoined from filing further lawsuits without prior Court approval. *Id*. at 1. Myart had until September 16 to respond. *Id*. at 6.

On September 8, Myart filed a motion to vacate the show cause order, arguing that the order contained conclusory and "disturbing, even shocking" language when it described Myart's prior conduct in the courthouse as "disruptive behavior." Docket no. 4 Myart indicated that he would respond to the show cause order by the deadline. *Id*. at 2 n.1. On September 19, Judge Bemporad denied this motion. Docket no. 6.

On September 15, Myart filed a motion to remand this case to state court. Docket no. 5. Myart argued that he was either unaware or forgot that the prior claims against SLS—those that provided the only basis for federal question jurisdiction—had been dismissed with prejudice in the 2015 case because he was incarcerated when they were dismissed. *Id*. at 1–2. Myart, now admitting that there is no basis for jurisdiction over this case, sought to have the case remanded or transferred to Texas state court. *Id*. at 2. Both before and after filing this motion to remand, Myart has failed to respond to Judge Bemporad's show cause order. Given that the time to respond has passed, the Court treats this motion to remand as Myart's response.

On September 21, Myart filed an emergency motion for a hearing to discuss alleged inconsistencies between Judge Bemporad's show cause order and Chief Judge Garcia's order requiring that Myart be accompanied by security personnel in the courthouse. Docket no. 7. That

same day, he filed an interlocutory appeal of Judge Bemporad's denial of the motion to vacate the show cause order. Docket no. 8. On September 22, he filed a similar emergency motion for a hearing. Docket no. 10.

## DISCUSSION

### I.      Dismissal of Myart's Claims

Where plaintiffs seek to proceed IFP, "the court *shall dismiss* the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). Claims are properly dismissed under this provision where they lack an arguable basis in either law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hicks v. Garner*, 69 F.3d 22, 24–25 (5th Cir. 1995). Dismissal under § 1915 can occur at any time in the case. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under § 1915, "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 343 (5th Cir. 2013). Further, "[a] case is duplicative if it involves the same series of events and allegations of many of the same facts as an earlier suit." *Id.* (quotations omitted).

Myart's claims are dismissed both because they are malicious within the meaning of § 1915 and because they lack an arguable basis in law in that there is no jurisdiction over them. Aside from three minor changes, Myart's complaint in this case is the exact same one as his complaint in the 2015 case, where all of his claims against SLS were dismissed with prejudice. Being dismissed with prejudice, the claims against SLS are barred by *res judicata*. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Also, because the claims against SLS

4

are identical to those brought in the 2015 case, they are duplicative and thereby malicious under § 1915. *See Cook v. Lamotte*, No. 14-00028, 2014 WL 2992829, at *2 (M.D. La. July 2, 2014).

With the claims against SLS dismissed, this Court has no jurisdiction over Myart's case. Myart's allegations against the individual defendants are premised on Texas statutes. *See* Docket no. 1-1 at 8–9. Though Myart alleges that actions of the individual defendants are "prohibited by federal law," this statement alone cannot establish jurisdiction. *Id.* at 9. Further, Myart admits that, without SLS in the case, there is no basis for this Court's jurisdiction. Docket no. 5 at 1. Because there is no jurisdiction over Myart's claims, they are dismissed.

In his motion to remand, which the Court treats as a response to Judge Bemporad's show cause order, Myart seeks a transfer or remand of this case to state court. *Id.* at 2–3. This request is denied. A federal district court does not have the power to remand or transfer a case to state court unless the matter was originally filed in state court and subsequently removed to federal court. *Foster v. Graves*, 428 F. App'x 348, 351 (5th Cir. 2011). Here, Myart's claims were originally filed in federal court. Accordingly, Myart's motion to remand is denied and his claims are dismissed.

## II.     Entry of Pre-Suit Injunction

Federal Rule of Civil Procedure 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

FED. R. CIV. P. 11(b). Violations of this Rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct." FED. R. CIV. P. 11(c)(4). This Rule gives district courts wide discretion in determining what sanctions are appropriate. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). A district court retains power to issue sanctions even if there is no subject matter jurisdiction over the case. *See Willy v. Coastal Corp.*, 503 U.S. 131, 135, (1992); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). Further, when a party is ordered to show cause as to why certain conduct does not warrant sanctions, a court may impose these sanctions *sua sponte*. FED R. CIV. P. 11(c)(3).

Aside from the Rules, federal courts have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). When determining whether the imposition of a pre-filing injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* (internal quotations omitted). If issued, such injunctions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 189 (internal citations omitted).

Judge Bemporad raised the possibility of a pre-suit injunction when he ordered Myart to show cause as to why the Court should not issue an injunction requiring Myart to obtain leave of

Court before filing additional lawsuits. Myart moved to vacate the show cause order, recognizing it and maintaining that he would file a timely response to it. Myart nevertheless failed to address the show cause order. His only response was his motion to remand, which did not address why the Court should not impose this injunction.

The Court finds that a pre-filing injunction is appropriate. Sanctions are appropriate in this case because Myart has filed the exact same complaint in the past, including the allegations against SLS that were dismissed with prejudice. Myart claims that he either did not know or forgot that these prior claims against SLS were dismissed with prejudice. These arguments, however, do not excuse Myart's lack of diligence in filing this lawsuit. At best, filing this lawsuit in the face of the previous dismissal shows that Myart failed to exercise diligence and make a reasonable inquiry into whether his claim is supported by existing law, as required by Rule 11(b). At worst, it shows that he was filing this lawsuit for an improper purpose, such as delay or harassment. Either way, Myart has violated Rule 11 and is thus subject to sanctions.

As to a pre-suit injunction being the proper sanction, Judge Bemporad's show cause order gave Myart notice that the Court was considering this injunction as a potential sanction, satisfying the notice requirement of Fed. R. Civ. P. 11(c)(3) for a court issuing sanctions *sua sponte*. As such, the relevant factors all support issuing such an injunction. Myart has a history of filing duplicative lawsuits against the same defendants. Instead of seeking leave to amend his many existing complaints, he has made a practice of simply filing new complaints, including IFP applications with each. This complaint is only one example of his frequent, duplicative actions, as it is his fifth filed in this Court in four months. Moreover, he indicated that he plans to file "yet another" lawsuit against the same defendants against whom he has already filed claims. Docket no. 4 at 3. Aside from the burden Myart has placed on the Court to assess the many cases

that he has filed, Myart also files a voluminous number of motions in these cases—here, for example, instead of responding to the show cause order, Myart filed a motion to vacate, appealed the denial of the motion to vacate, requested an emergency hearing, and moved to remand. Further, Myart has made a practice of filing duplicative motions and pleadings in some or all of his pending cases against the City of San Antonio defendants, again straining the Court's resources. These duplicative and excessive filing practices show Myart's disregard for the Court's resources, lack of due diligence, and repeated violations of Rule 11(b). In addition to his filings, Myart on one occasion made repeated phone calls to chambers, further showing his tendency for overburdening the court. Finally, he has been barred from unescorted access to the courthouse due to his disruptive behavior. Given Myart's history of litigiousness and repeatedly suing the same defendants, and his general disregard for the Court's time and resources, the Court finds that enjoining Myart from filing suit in this Court without first obtaining leave of Court and permission from a district judge will protect the court and innocent parties while preserving his legitimate rights.

## CONCLUSION

Plaintiff James W. Myart's Complaint (Docket no. 1) is DIMISSED. His Motion to Remand (Docket no. 5) is DENIED.  All other pending motions (Docket nos. 2, 7, and 10) are DISMISSED as moot. In addition, the Court ORDERS that Myart be ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district. **Before filing any new lawsuit in this district, Myart must file a motion for leave to file the action in the division in which he seeks leave to file, along with a proposed complaint, which motion shall be randomly assigned to a judge in that division for**

**disposition. The Clerk is instructed to not accept any new lawsuit filed by Myart unless and until such motion is filed and granted.**

It is so ORDERED.

SIGNED this 26th day of September, 2016.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE